*Harlan & Newman, Muir & Bijuir, for appellees.*

---

PETER PARKMAN ET AL. *v.* M. W. REDD ET AL.

Street Improvement—Assessment of Property Covered by Railroad Track Ordinance.

The owners of property along a street, upon which runs a railroad track, cannot be required to pay for paving or otherwise improving so much of it as is covered by the railroad track, it being the duty of the owners of the track to keep it in order, consequently a general ordinance and the contract under it for paving, curbing, macadamizing and gravelling that street, without excepting the track, is illegal and not enforcible.

**Same.**

    But an amendatory ordinance requiring the improvement of so much of the street as is not touched by the railway track, is legal and binding against the property adjacent thereto.

**Same.**

    An objection that in the commissioners report, or the petition that the "graveling" is not specified connot avail, as it is a part of the macadmizing which the petition alleges was completeed according to contract.

**Evidence—Prima Facie.**

    The report, estimates and apportionments of street paving by the commissioners under the charter of the city is prima facie evidence of the liability of the property owners for the amount of the contribution assessed against them.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHAN. DIV..

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the owners of property on Grove street could not be required to pay for paving or otherwise improving so much of it as is covered by the railway track which it is the duty of the owners of the track to keep in order, consequently the general ordinance and the contract under it for paving, curbing, macadamizing and gravelling that street, without excepting the track, was illegal and not enforcible.

But on the 4th of April, 1866, before the work was done, so much of that ordinance as constructively embraced the whole street was repealed by an amendatory ordinance which restricted the required improvement so much of the street as was not touched by the railway. And the work was done, reported and accepted according to the amendment; and the cost was estimated by the number of feet of the ground actually improved. And this was all legalized by the amended ordinance and did no wrong or harm to any person, and entitled the contractor to the assessments as made against the apellants..

The report, and estimates and apportionments being, according to the charter, *prima facie* evidence and being untradicted, no other fact was necessary to the liability of the appellants for the amount of contribution assessed against them respectively.

The objection that no gravelling is specified in the report or the petition is unavailing. The required gravelling was only

a part of the macadamizing which is alleged and reported to have been completed according to the contract. And there is also abundant proof by witnesses that the gravelling was done, and well done.

In this state of case we see no substantial objection to the judgment against the appellants for the amount assessed against them.

Wherefore, as to each of them, the judgment is affirmed.

*Stirman, for appellant.*

*R. J. Elliott, for appellee.*